HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PATRICE L. LANDAKER, and THEODORE LANDAKER<br><br>Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA NA,<br><br>Defendant. | CASE NO. C14-5459 RBL<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |

Plaintiffs present claims arising from the pending non-judicial foreclosure of their residential property by Defendant Bank of America, N.A. Although the Complaint fails to clearly delineate the asserted claims, Plaintiffs appear to bring a cause of action to quiet title, and seek relief for the Defendant's purported violations of Washington's Deed of Trust Act and Washington's Consumer Protection Act.

Because the Plaintiffs are collaterally estopped from challenging the Defendant's interest in the promissory note and deed of trust, and because any discernible causes of action in the Complaint are predicated on a successful challenge of the Defendant's interest in the mortgage note, the motion is **GRANTED** and the case is **DISMISSED** with prejudice.

In August 2005, the Landakers borrowed $335,000 from Keybank to purchase residential property, evidenced by a promissory note and secured by a deed of trust on the property. The Deed granted the note holder the power to foreclose the property in the event of default, and listed Mortgage Electronic Registration Systems, Inc. ("MERS") as the nominee for lender and lender's successors and assigns. MERS assigned its beneficial interest under the Deed to the Defendant.

In 2012, Ms. Landaker filed a Complaint against Bank of America N.A. and its CEO, Brian T. Moynihan, which the Court summarily dismissed. *See Landaker v. Moynihan et al.*, No. 12-cv-05377 (W.D. Wash. Jul. 24, 2012). In the 2012 action, Ms. Landaker asserted, *inter alia*, that Bank of America N.A. had no interest in the promissory note or deed of trust executed by the Landakers. The court dismissed Ms. Landaker's action while rejecting her "show me the note" argument and establishing the validity of MERS's assignment of the Deed to Bank of America N.A. *Id*. at 8.

The Plaintiffs are collaterally estopped from challenging the Defendants' interest in the Deed. The doctrine of collateral estoppel prevents relitigation of an issue after a party has had a full and fair opportunity to present its case. The purpose of the doctrine is to promote the policy of ending disputes, to promote judicial economy, and to prevent harassment of, and inconvenience to, litigants. The requirements which must be met when applying the doctrine are: (1) the issue decided in the prior adjudication must be identical with the one presented in the second; (2) the prior adjudication must have ended in a final judgment on the merits; (3) the party against whom the plea is asserted was a party or in privity with a party to the prior adjudication; and (4) application of the doctrine must not work an injustice. *See Hanson v. City of Snohomish*, 121 Wn.2d 552, 561-561, 852 P.2d 295 (1993). Each element is met here.

The Defendant's interest in the promissory note and authority under the Deed were established by Judge Bryan in the prior action. *See Landaker*, No. 12-cv-05377, at 8. Therefore, the Plaintiffs are collaterally estopped from challenging the Defendant's interest in the note and Deed, and any subsequent action founded on a challenge to that interest necessarily fails. As the Plaintiffs again seek to challenge the Defendant's authority under the Deed and interest in the promissory note, the case must be dismissed.

Even if the claims were not barred by collateral estoppel, the Complaint lacks facts sufficient to support a claim plausible on its face. Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A complaint must allege facts to state a claim for relief that is plausible on its face. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although the Court must accept as true a complaint's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper Rule 12(b)(6) motion. *Vasquez v. L.A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnote omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555).

Here, the Complaint fails to allege any specific violations of law under Washington's Consumer Protection Act or Washington's Deed of Trust Act. Additionally, the complaint lacks sufficient factual allegations to support any claim for relief. The Complaint relies on conclusory allegations, for example that "Defendant BANK OF AMERICA has no authority to foreclosure on its Deed of Trust." Decl. of Jody M. McCormick, Ex. A [Dkt. #10]. The Plaintiffs admit that the Complaint's primary factual allegation relates to whether the Defendant has any interest in the promissory note that would establish the Plaintiffs' duty to make payments to the Defendant. *See* Plaintiff Landakers' Response to the Motion to Dismiss at 1 [Dkt # 11] ("The primary factual allegations in Plaintiffs' Amended Complaint relate to the fact that Plaintiff never promised to pay BANA any funds, nor is BANA the owner of, or in possession of, a valid assignment establishing any obligation on the part of the Plaintiff."). Courts of this district routinely reject these "show me the note" claims. *See, e.g.*, *Mikhay v. Bank of Am.*, *NA.,* 2011 WL 167064, *2–*3 (W.D. Wash. 2011); *Wright v. Accredited Home Lenders*, 2011 WL 39027 (W.D. Wash. 2011); *Pelzel v. First Saving Bank Northwest,* 2010 WL 3814285, at *2 (W.D. Wash. 2010); *Wallis v. IndyMac Fed. Bank*, 717 F. Supp. 2d 1195, 1200 (W.D. Wash. 2010); *Freeston v. Bishop, White & Marshall, P.S.*, 2010 WL 1186276, at *6 (W.D. Wash. 2010). Indeed, the Washington Deed of Trust Act requires that a foreclosing lender demonstrate its ownership of the underlying note to the trustee, not the borrower. RCW 61.24.030(7). Furthermore, the Plaintiffs do not claim to have satisfied the mortgage obligation, and do not claim to have made payments to any other party. In short, all of Plaintiffs' claims fail as a matter of law.

Where the facts are not in dispute, and the sole issue is whether there is liability as a matter of substantive law, the court may deny leave to amend. *Albrecht v. Lund*, 845 F.2d 193,

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS - 4

195–96 (9th Cir. 1988). The essential facts are not in dispute in this case as the Plaintiffs are collaterally estopped from challenging Bank of America N.A.'s interest in the note; thus, the Court denies leave to amend.

The Motion to Dismiss is GRANTED and the Plaintiffs' claims are DISMISSED.

**IT IS SO ORDERED.**

Dated this 22nd day of September, 2014.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE